# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Michael Henry Roberts, | Civil Action No. 6:19-cv-02328-JMC |
| Petitioner, | |
| v. | **ORDER AND OPINION** |
| Warden, Camden County Department of Corrections, | |
| Respondent. | |

Petitioner Michael Henry Roberts, proceeding *pro se* and *in forma pauperis*, filed for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Habeas Petition"). (ECF No. 1.) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 8.) For the reasons stated below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 8) and **DISMISSES** Petitioner Michael Henry Roberts' Habeas Petition (ECF No. 1) without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 8.) Petitioner is seeking relief regarding five (5) convictions for sexual exploitation of a minor. (*Id.* at 1.) Criminal proceedings took place in the Aiken County Court of General Sessions, which resulted in Petitioner receiving concurrent sentences of two years, with credit for time served. (*Id.*) Petitioner filed this action on August 19, 2019. (ECF No. 1.) The Magistrate Judge issued the Report on August 22, 2019, recommending dismissal of the Habeas Petition without prejudice for failure to exhaust his state court remedies. (ECF No. 8 at 4.) The parties were advised of their right to file objections to the Report on or

1

before September 5, 2019. (*Id.*)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with

which a district court should view pro se complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

The record indicates that objections to the Report are due by September 5, 2019, and that Petitioner has failed to respond. (ECF No. 8.) As such, the court must only review the record to ensure that there is no clear error. *See Diamond*, 416 F.3d at 315. Here, the Magistrate Judge relied on Section 2254(b) and determined that the Habeas Petition is premature. (ECF No. 8 at 5.) A Habeas Petition: "shall not be granted unless it appears that . . . the application has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). The Report indicates that, "[i]n South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, and (2) if the direct appeal turns out to be unsuccessful, by filing an application for Post-Conviction Relief." (ECF No. 8 at 5.) The Magistrate Judge found that "at the time of the filing of the instant petition . . . [Petitioner] has not filed a direct appeal or a PCR application." *Id.* Consequently, the court finds that Petitioner has failed to exhaust his state court remedies.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8) and summarily **DISMISSES** Petitioner Michael Henry Roberts' Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice and without requiring the Respondent to file a return.

### Certificate of Appealability

The law governing certificates of appealability provides that:

3

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 30, 2019
Columbia, South Carolina